*Court of Common Pleas, Dauphin County, April 29th, 1863.*

TRULLINGER & CO. v. MAULY.

A motion to strike off a judgment and all subsequent proceedings is too late after a sale of the property was made, and a deed for it was executed by the sheriff. Haworth et al. v. Wallace, 2 H. 118, doubted.

BY THE COURT.—The motion in this case is predicated on the fact that the defendant is a mere tenant for years of the premises on which the building was erected, against which a claim for materials was filed. We are not furnished with the lease, but a very lame statement of facts is presented, which may or may not raise the proper legal questions. From the decisions, it would seem that where it was understood that improvements were to be made on the premises by the tenant, the lien would be good for the term at least (Woodward v. Leiby, 12 C. 437; Leiby v. Wilson, 4 Wr. 63). If there was no understanding between lessor and lessee that improvements were to be made, no lien can be filed even for the term (Haworth et al. v. Wallace, 2 H. 118). That case is in part predicated on Church v. Griffith (9 Barr, 117) and White's Appeal (10 Barr, 252); neither of which are the same in principle, as both were claims for a portion of the money raised on a sale of chattels on a *fi. fa.* It is true they were affixed to the freehold, but were, as respects the tenant, mere chattels. We are scarcely prepared to believe that Haworth et al. v. Wallace will be adhered to by the Supreme Court, as the effect would be to deprive mechanics and materialmen of their liens, even where the tenant held for a long term, as ninety-nine years or the like. We consider that all of the tenant's estate, be it much or little, is bound by the lien; and a term for years is an estate according to all elementary works, although an estate

[Demmy *v.* Dougherty.]

less than freehold. The case, as decided, would be binding on us, although we do not consider it sound law; but we refuse this motion on other grounds. The proceeding is closed; judgment was obtained on the *scire facias*. A *levari* issued; sale of the premises was made, and a deed executed by the sheriff. After this it is too late to set aside the proceeding. If the judgment and sale are void, that will properly be tried in an action of ejectment. We might as well be asked to strike off a judgment after it had been paid by the debtor and satisfaction entered by the creditor as to expunge this. If the purchaser obtained nothing by his deed, he cannot disturb the tenant in his possession. If he bought a good title we cannot deprive him of it. In every point of view this motion is too late, and we have no power to comply with the defendant's demand, as it cannot benefit him in any particular. If the property did not sell for sufficient to pay the judgment (of which we have no evidence), it cannot injure the party, being a mere petition *in rem.* The motion to set aside the proceedings is refused.

*Bigler, for plaintiff.*

*Alricks, for defendant.*